IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DAVID BROWN, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 22-cv-670-DWD |
| | ) |
| MICHAEL JOHNSTON, | ) |
| | ) |
| Respondent[1]. | ) |

### MEMORANDUM AND ORDER

**DUGAN, District Judge:**

Petitioner David Brown, presently an inmate of the Federal Bureau of Prisons and incarcerated at USP Marion, brings this habeas corpus action pursuant to 28 U.S.C. § 2241 to challenge the enforcement of a military order of protection (Doc. 1). Petitioner claims that the military order of protection is no longer in effect because he is no longer in military custody, however, he argues that USP Marion, the Commandant at the United States Disciplinary Barracks, or his ex-wife continue to wrongfully enforce the order against him (Doc. 1). This enforcement prevents Petitioner from having visitation or communication with his child (*Id.*). Petitioner specifically asks the Court "to tell the Military that the orders of protection are no longer valid" and for "the military to rescind all orders of protection" (Doc. 1, p. 7).

---

[1] Petitioner is currently incarcerated at USP Marion. The proper respondent in habeas proceeding is Petitioner's current custodian. *Rumsfeld v. Padilla*, 542 U.S. 426, 434 (2004). Accordingly, the Clerk of the Court is therefore **DIRECTED** to substitute the Warden of USP Marion for Respondent Johnston.

1

This matter is now before the Court for preliminary review of the Petition (Doc. 4). Rule 4 of the Federal Rules Governing § 2254 Cases in United States District Courts provides that upon preliminary consideration by the district judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) gives this Court the authority to apply the rules to other habeas corpus cases, like this one.

Also, before the Court are Petitioner's motion for leave to proceed *in forma pauperis* (Doc. 8), and motion for leave to file an amended petition (Doc. 9). Turning first to the motion for leave to amend (Doc. 9), the Court observes that Petitioner is not seeking to file a new habeas petition but instead supplies additional facts in support of his original petition. Specifically, Petitioner contends that Marion is not preventing Petitioner from exercising his visitation rights, but that the Commandant at the United States Disciplinary Barracks ("USDB") in Fort Leavenworth, Kansas and his ex-wife are still attempting to enforce the relevant military protective order against him (Doc. 9). Accordingly, Petitioner requests that the USDB Commandant be substituted as the Respondent in this matter. This request is **DENIED**. The federal habeas statute provides that the proper respondent to a habeas petition is "the person who has custody over [the petitioner]." *Rumsfeld v. Padilla*, 542 U.S. 426, 434 (2004) (quoting 28 U.S.C. § 2242). Petitioner is currently incarcerated at USP Marion. Accordingly, the Warden of USP Marion is the correct respondent for this proceeding. Nevertheless, to the extent Petitioner seeks to supplement his Petition with the additional allegations in his motion for leave to amend,

that request is **GRANTED**. The Court will consider the allegations in the motion (Doc. 9) with those in the Petition (Doc. 1) in conducting its preliminary review.

Petitioner states he is serving a sentence of incarceration after having been convicted of a crime by the "military court martial" in March 2016. His petition (Doc. 1) and supplement (Doc. 9) are largely devoid of any details concerning his conviction and sentence. However, the Court observes that Petitioner has previously filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 in the United States District Court for the District of Kansas, asserting different grounds for relief. *See Brown v. Johnston*, Case No. 21-3010-JWL (D. Kan.), at Doc. 35.[2] In the order denying Petitioner's § 2241 petition, the district court stated that Petitioner was a former active-duty member of the United States Army and had been sentenced after a general court-martial. *Id.* Petitioner transferred to the custody of the Federal Bureau of Prisons in February 2021, and his maximum release date is January 3, 2026. *Id.*

In order to obtain habeas corpus relief, an inmate must demonstrate that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2241(c)(3). The relief available under § 2241 extends to prisoners serving military convictions. *See Clinton v. Goldsmith*, 526 U.S. 529 (1999) ("And of course, once a criminal conviction has been finally reviewed within the military system, and a service member in custody has exhausted other avenues provided under the UCMJ to seek relief from his

---

[2] The Court can take judicial notice of these documents. *See Daniel v. Cook Cty.*, 833 F.3d 728, 742 (7th Cir. 2016) ("Courts routinely take judicial notice of the actions of other courts or the contents of filings in other courts.").

conviction . . . he is entitled to bring a habeas corpus petition, *see* 28 U.S.C. § 2241(c), claiming that his conviction is affected by a fundamental defect that requires that it be set aside."); *Burns v. Wilson*, 346 U.S. 137, 139 (1953); *United States v. Augenblick*, 393 U.S. 348, 350 (1969); *Hurn v. Kallis*, No. 1:17-CV-01403-JBM, 2018 WL 2724050 (C.D. Ill. June 6, 2018), *aff'd*, 762 F. App'x 332 (7th Cir. 2019).

Similar to challenges brought by prisoners in custody pursuant to state court judgments under 28 U.S.C. § 2254, petitioners seeking habeas relief from a military conviction must exhaust all available remedies prior to filing their § 2241 petition in federal court. That is, the petitioner must show that he exhausted "all available military remedies." *Schlesinger v. Councilman*, 420 U.S. 738, 758 (1975); *Gusik v. Schilder*, 340 U.S. 128, 131–32 (1950) (drawing a direct comparison between the exhaustion requirement for federal habeas attacks on military convictions and state criminal convictions).

Here, Petitioner has not expressly alleged that he is challenging the legality of his conviction or the duration of his confinement. Instead, he appears to be challenging the enforcement of a specific order of protection resulting in an alleged infringement on Petitioner's visitation or parental rights. The Petition does not, however, indicate that the specific order of protection Petitioner is challenging is connected to the current military conviction and sentence he is serving. Accordingly, the Court is unable to determine a basis to assert habeas jurisdiction over this claim.

The Supreme Court has held that federal habeas corpus jurisdiction may not be invoked to consider collateral challenges to paternal rights or child custody. *See Lehman v. Lycoming Cty. Children's Servs. Agency*, 458 U.S. 502, 511–512 (1982); *see also Ali A. v. New*

4

*Jersey Div. of Child, Prot. & Permanency*, No. CV 21-15451 (KM), 2022 WL 102264, at *2 (D.N.J. Jan. 11, 2022) (habeas jurisdiction does not exist to challenge state court child custody determinations).  Similarly, at least three federal district courts have rejected habeas petitions which challenged civil protection or restraining orders but not the underlying criminal conviction.  *See McCreary v. Birkett*, No. 2:06-CV-11195, 2006 WL 3257223, at *2–3 (E.D. Mich. Nov. 9, 2006) (dismissing § 2241 petition challenging the validity of a personal protection order and not petitioner's underlying criminal conviction for a lack of subject matter jurisdiction) (citing *Strout v. State of Maine,* No.2004 WL 1571768, *3 (D.Me. July 13, 2004); *Jones v. McKibben,* No.1994 WL 62105, *1 (N.D.Cal. February 8, 1994)). Specifically, in *McCreary*, the district court reasoned that the language of § 2241(c)(3)'s "in custody" requirement is jurisdictional, and therefore concluded that because the petitioner was not in custody pursuant to the relevant order of protection being challenged that it did not have subject matter jurisdiction over the petition. *McCreary*, 2006 WL 3257223, at *3.

Likewise, here, Petitioner does not indicate that the specific order of protection he is challenging is connected to the current military conviction he is serving.  Nor does Petitioner argue that he is otherwise "in custody" pursuant to that military order of protection.  Accordingly, at present the Petition fails to state a claim for habeas relief. Instead, the claim raised in the Petition appears to be more aptly construed as a civil rights claim or a challenge to the conditions of Petitioner's confinement for which relief may be available in a separate civil proceeding brought under 42 U.S.C. § 1983.  *See, e.g., Preiser v. Rodriguez*, 411 U.S. 475, 489–90 (1973) (a civil rights action is the proper remedy for

5

prisoner who is making constitutional challenge to conditions of his prison life but not to fact or length of his custody).

Nevertheless, even if the military order of protection was related to Petitioner's conviction, Petitioner has not alleged sufficient details of the nature of his conviction to determine specific grounds for relief that are recognizable under Section 2241. Nor does the Petition provide sufficient detail of Petitioner's exhaustion efforts for the Court to conclude that any arguments challenging his conviction are ripe for review. Rule 2 of the Rules Governing Section 2254 Cases requires that a petition "specify the grounds for relief available to the petitioner" and "state the facts supporting each ground." The Petition fails to meet that requirement.

Accordingly, without making any decision on the merits of Petitioner's claim, the Court must dismiss the habeas petition because it fails to state a claim for habeas relief. The Petition (Doc. 1) and supplement (Doc. 9) are therefore **DISMISSED without prejudice**. The Court will allow Petitioner a chance to amend his Petition if he indeed is attempting to assert a claim for which habeas relief may be available. Petitioner has until **May 5, 2022** to submit an Amended Petition. **<u>Failure to file an Amended Petition will result in dismissal of this case for failure to state a claim</u>**. Likewise, the motion for leave to proceed *in forma pauperis* (Doc. 8) is **DENIED, without prejudice**.

Alternatively, to the extent that Petitioner is seeking to challenge the enforcement of the order of protection as it relates to an alleged infringement on his visitation or parental rights through a civil rights complaint, Petitioner may need to file a civil rights case pursuant to 42 U.S.C. § 1983 after first exhausting any relevant administrative

6

remedies. The Court cannot simply convert his § 2241 petition into a § 1983 complaint. *See Glaus v. Anderson*, 408 F.3d 382, 389 (7th Cir. 2005). As directed by the Seventh Circuit in *Glaus*, 408 F.3d at 389–390, Petitioner is informed of the following:

1. This Court is not making any decision on the merits of his claim and is not deciding whether the facts alleged in his petition would state a cause of action under Section 1983.

2. Petitioner may refile his claim under the proper legal label, subject to the normal rules such as those prohibiting frivolous lawsuits and requiring payment of a filing fee. That complaint would again be subject to preliminary review

3. If he refiles his claim as a 42 U.S.C. § 1983 action, he may be assessed a "strike" under 28 U.S.C. § 1915(g) if that action is dismissed because it is frivolous, malicious, or fails to state a claim upon which relief may be granted.

Petitioner is further advised that the filing fee for a civil rights action is $402.00 unless he is found eligible to proceed *in forma pauperis*. The Clerk is **DIRECTED** to send Petitioner a blank civil rights complaint form for his review.

**SO ORDERED.**

Dated: April 15, 2022

_____
DAVID W. DUGAN
United States District Judge